UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERRY BENTON,

                                               **Petitioner,**

   vs.                                                                                     9:20-CV-710
                                                                                                   (MAD/ATB)

**TIMOTHY McCARTHY,**

                                               **Respondent.**
_____

APPEARANCES:                                                               OF COUNSEL:

**JERRY BENTON**
15-B-1982
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Petitioner *pro se*

**OFFICE OF THE NEW YORK**                             PAUL B. LYONS, AAG
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On June 26, 2020, Petitioner Jerry Benton ("Petitioner"), who is incarcerated at Upstate Correctional Facility, *see* Dkt. No. 43 at 1, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. Petitioner challenges his 2015 Onondaga County Supreme Court judgment of conviction and sentencing, rendered after a jury trial, for

1

Manslaughter in the First Degree and Criminal Possession of a Weapon in the Third Degree. *See id.* at 1; Dkt. No. 1-1 at 7. Petitioner asserts four grounds for habeas relief: (1) that the trial counsel was ineffective; (2) that the trial court abused its discretion in denying defense counsel's request for an adjournment; (3) that the trial court did not make an individual assessment at sentencing, and the sentence was harsh and excessive; and (4) that the appellate counsel was ineffective for failing to raise meritorious issues. *See* Dkt. No. 1 at 5-11. In an Order and Report-Recommendation, Magistrate Judge Baxter recommended that Petitioner's request be denied and dismissed and that no Certificate of Appealability be issued. *See* Dkt. No. 42 at 40. Neither party has filed an objection.

## II. BACKGROUND

For a complete recitation of the relevant facts, the parties are referred to the September 23, 2022, Order and Report-Recommendation. *See* Dkt. No. 42.

## III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the recommendations for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "a judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

2

that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

B.  **Respondent's Motion to Strike**

In an order granting Respondent's motion to strike, *see* Dkt. No. 42 at 3-6, which Magistrate Judge Baxter noted would not change the analysis of the petition, *see id.* at 5, Magistrate Judge Baxter correctly concluded that the addition to the record that Petitioner sought, *see* Dkt. No. 29 at 50, would impermissibly "'expand the record beyond what was before the state court.'" *Osborne v. Graham*, No. 15-CV-6042, 2018 WL 1827673, *7 (W.D.N.Y. Apr. 17, 2018) (quoting *Kelley v. Larkin*, 680 Fed. Appx. 5, 7 (2d Cir. 2017) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181-85 (2011)). Here, Petitioner failed to develop such facts in state court and did not establish that he is entitled to an evidentiary hearing on the bases listed in 28 U.S.C. § 2254(e)(2)(A)-(B). Such a motion to strike an addition to the record is generally considered a non-dispositive matter. *See, e.g.*, *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 441 n.1 (W.D.N.Y. 1997) (noting that defendant's motion to strike plaintiff's counsel's affidavit is one of the "non-dispositive matters subject to Decision and Order" by the magistrate judge). However, as noted by Magistrate Judge Baxter, because Petitioner "may be attempting to supplement his claim for ineffective assistance of trial counsel," *see* Dkt. No. 42 at 5, Respondent's motion to strike might be construed as a dispositive motion (to dispose of a portion of Petitioner's claim) that warrants a report and recommendation that is subject to the Court's review pursuant to 28 U.S.C. § 636(b)(1)(B). *See generally Kiobel v. Millson*, 592 F.3d 78, 84-85 (2d Cir. 2010)

3

(Cabranas, J., concurring).  Therefore, the Court exercises its discretion, taking into account Petitioner's *pro se* status, and elects to review Magistrate Judge Baxter's granting of Respondent's motion to strike for clear error and finds none.

**C.    Ineffective Assistance of Trial Counsel**

Magistrate Judge Baxter correctly recommended denying and dismissing Petitioner's first claim for habeas relief based on ineffective assistance of trial counsel.  Applying the "'doubly deferential'" standard of review applicable to ineffective assistance of counsel claims analyzed under 28 U.S.C. § 2254(d)(1), *Santana v. Capra*, 284 F. Supp. 3d 525, 538 (S.D.N.Y. 2018) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)), Magistrate Judge Baxter soundly determined that the Appellate Division, in affirming Petitioner's conviction, did not make a determination that was contrary to *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which held that a claim of ineffective assistance of counsel requires a petitioner to show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." Here, Petitioner has made no such showing.  Thus, the Court does not discern any clear error in Magistrate Judge Baxter's recommendation to deny and dismiss Petitioner's first claim for habeas relief.

**D.    Prosecutorial Misconduct Appellate Claim**

The Court does not discern any clear error in Magistrate Judge Baxter declining to construe Petitioner's appellate claim, incorporated in his petition by attaching his Appellate Division brief, as an alternative prosecutorial misconduct claim for habeas relief.  *See* Dkt. No. 1 at 5; Dkt. No. 1-1 at 24.

While Petitioner's four grounds for relief do not mention a prosecutorial misconduct claim, *see id.* at 5-11, the heading for Petitioner's first ground for relief includes the statement: "(SEE

4

ATTACHED COPY OF APPELLATE'S [sic] BRIEF)." *Id.* at 5. Petitioner's appellate brief contained a single sentence about prosecutorial misconduct at the conclusion of the sixteen-page section in which he claimed ineffective assistance of trial counsel: "Alternatively, the prosecutorial conduct in this case should be reviewed in the interest of justice (CPL 470.15 [6] [a]; *People v Epolito*, 101 AD3d 1603 [4th Dep't 2012])." Dkt. No. 1-1 at 24. As Respondent notes, Petitioner raised his prosecutorial misconduct claim to the Appellate Division in state-law terms. *See* Dkt. No. 12 at 53. Specifically, Petitioner's appellate brief cited a state statute and *People v. Epolito*, 101 A.D.3d 1603 (4th Dep't 2012), which reviewed an unpreserved prosecutorial misconduct contention "as a matter of discretion in the interest of justice." *Id.* at 1603 (citing N.Y. Crim. Proc. Law ("CPL") § 470.15[6][a]). The Appellate Division denied Petitioner's claim as unpreserved. *See People v. Benton*, 167 A.D.3d 1522 (4th Dep't 2018) (declining "to exercise our power to review that contention as a matter of discretion in the interest of justice"). Petitioner was represented by appellate counsel for that claim to the Appellate Division. *See* Dkt. No. 1-1 at 1. Petitioner, while he was represented by a different appellate counsel than for his direct appeal, did not raise his prosecutorial misconduct claim in his letter for his application for leave to appeal to the Court of Appeals. *See id.* at 32-36.

In his traverse, Petitioner argues that he has raised a prosecutorial misconduct claim as a denial of constitutional due process. *See* Dkt. No. 29 at 12-15. In the Second Circuit, while complaints filed by *pro se* litigants are construed liberally, *see Pabon v. Wright*, 459 F.3d 241, 248 (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)), even a *pro se* petitioner must raise a particular habeas claim for relief in the petition, rather than exclusively in the traverse. *See Parker v. Smith*, 858 F. Supp. 2d 229, 233 n.2 (N.D.N.Y. 2012) ("To the extent that petitioner's traverse could be read to raise new arguments that are not in his petition, they will not be

5

considered because a traverse or reply is not the proper pleading in which to raise additional grounds for habeas relief") (citing *Voymas v. Unger*, No. 10-CV-6045, 2011 WL 2670023, *13 (W.D.N.Y. July 7, 2011)).  Thus, even a liberal construction of Petitioner's grounds for relief may only be based on what is included or incorporated in his petition.

Although the Order and Report-Recommendation does not contain reasons for declining to construe Petitioner's appellate claim as an alternative prosecutorial misconduct claim, it was not clear error for Magistrate Judge Baxter to conclude that the petition, along with its attached appellate brief, did not effectively transform a single sentence regarding alleged prosecutorial misconduct, included only in the appellate brief at the end of a sixteen-page section covering the ineffective assistance of trial counsel claim, into an alternative federal claim for habeas relief.  *See* Dkt. No. 1 at 5-11; Dkt. No. 1-1 at 24.  Petitioner's incorporation of his prosecutorial misconduct appellate claim was an argument made in passing, while represented by appellate counsel, to the Appellate Division, which Petitioner then attached to his *pro se* petition without any reference to that argument, and so is deemed waived.  *See Azeez v. City of New York*, 790 Fed. Appx. 270, 272 (2d Cir. 2019) (citing *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (holding that *pro se* plaintiff-appellant waived a challenge to an aspect of the lower court's judgment after mentioning it only "obliquely and in passing … notwithstanding the latitude we traditionally accord *pro se* litigants")).  Further, while *pro se* submissions are liberally construed, materials prepared by counsel during a direct appeal and later attached to a *pro se* habeas petition are not necessarily afforded the same liberal construction.  *See Scrubb v. LaValley*, No. 10-CV-3286, 2014 WL 6682103, *4 (E.D.N.Y. Nov. 25, 2014) ("[T]he liberal construction rule … is inapplicable to motions submitted by counsel") (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

As noted by Magistrate Judge Baxter, even if Petitioner's prosecutorial misconduct claim on direct appeal were construed as an alternative claim for habeas relief, such a claim would have to be dismissed as unexhausted and procedurally defaulted, *see* Dkt. No. 42 at 14-15, 16-19, 32 n.32, as Petitioner failed to raise his prosecutorial misconduct claim in his letter for his application for leave to appeal to the Court of Appeals.  *See* Dkt. No. 1-1 at 32-36; *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies") (citing 18 U.S.C. § 2254(b)(1)); *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) ("To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state'") (quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)); *Smith v. Duncan*, 411 F.3d 340, 345 (2d Cir. 2005) ("Generally 'we assume that the Court of Appeals would construe a petitioner's leave application as abandoning claims that the petitioner had pressed to the Appellate Division below' where those claims were not presented to the New York high court for review") (quoting *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005)).

Additionally, the claim is procedurally defaulted because Petitioner failed to raise it on direct review and is now unable to return to state court, having "already made the one request for leave to appeal to which he is entitled."  *Bossett*, 41 F.3d at 828-29 (citation and footnote omitted); *see also* CPL § 440.10(2)(c).  Moreover, Petitioner has failed to cure the default by showing either "'cause and actual prejudice'" for the default, or that he is "'actually innocent.'" *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Accordingly, the Court denies this aspect of the petition.

### E. Trial Court's Denial of Adjournment

With respect to Petitioner's second ground for habeas relief, that the trial court abused its discretion in denying defense counsel's request for an adjournment, Magistrate Judge Baxter correctly concluded that Petitioner has failed to exhaust his state court remedies after he omitted any argument on that issue in his letter for his application for leave to appeal to the New York Court of Appeals. *See* Dkt. No. 1-1 at 32-36; Dkt. No. 42 at 14-19. This record-based claim is unexhausted and procedurally barred, and thus deemed exhausted but procedurally defaulted. *See Baldwin*, 541 U.S. at 29; 18 U.S.C. § 2254(b)(1); *Bossett*, 41 F.3d at 828-29; *Smith*, 411 F.3d at 345; *Jordan v. Lefevre*, 206 F.3d 196, 198-99 (2d Cir. 2000); CPL § 440.10(2)(c); *Aparicio*, 269 F.3d at 89-90. Petitioner has failed to cure the default by showing either "'cause and actual prejudice'" for the default, or that he is "'actually innocent.'" *Clark*, 510 F.3d at 393 (quoting *Bousley*, 523 U.S. at 622).

Even to the extent, as Petitioner argued to the Appellate Division, *see* Dkt. No. 1-1 at 26-28, that the trial court's denial of an adjournment contributed to his ineffective assistance of trial counsel claim, Petitioner failed to explicitly include that particular basis for such a claim in his letter for his application for leave to appeal to the Court of Appeals. *See id.* at 32-36. Consequently, "there is no constitutional right to counsel on a discretionary appeal, [and] appellate counsel's performance before the Court of Appeals does not represent constitutionally ineffective assistance and, therefore, does not establish cause for the procedural default." *Perkins v. Capra*, No. 14-CV-5260, 2018 WL 6624206, *7 n.5 (E.D.N.Y. Dec. 18, 2018) (citing *Hernandez v. Greiner*, 414 F.3d 266, 269-71 (2d Cir. 2005); *Alcindor v. Schneiderman*, No. 15-CV-1892, 2018 WL 583117, *3 (S.D.N.Y. Jan. 25, 2018)).

### F. Trial Court's Sentencing

Magistrate Judge Baxter correctly concluded that Petitioner's sentencing claim should be denied and dismissed as it is not cognizable on federal habeas review and that Petitioner's sentence, which included the statutory maximum term and the maximum post-release supervision for First Degree Manslaughter, was not disproportionate to his crimes. *See* N.Y. Penal Law §§ 70.06(6)(a), 70.45(2), 125.20; Dkt. No. 1 at 1; Dkt. No. 42 at 38-40. "No federal constitutional issue is presented where … the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citing *Underwood v. Kelly*, 692 F. Supp. 146, 152 (E.D.N.Y. 1988), *aff'd*, 875 F.2d 857 (2d Cir. 1989)).  Furthermore, in requesting that the Appellate Division reduce his sentence "in the interest of justice," Dkt. No. 1-1 at 31, Petitioner did not show that "the trial court's sentencing decision amounted to an improper, 'arbitrary or capricious abuse of discretion' that deprived the petitioner of his liberty." *Herrera v. Artuz*, 171 F. Supp. 2d 146, 151 (S.D.N.Y. 2001) (quoting *Jones v. Hollins*, 884 F. Supp. 758, 761-62 (W.D.N.Y.), *aff'd*, 89 F.3d 826 (2d Cir. 1995)).

## G.     Ineffective Assistance of Appellate Counsel

With respect to Petitioner's fourth ground for habeas relief, raised in his *pro se coram nobis* application to the Appellate Division, that appellate counsel was ineffective for failing to raise meritorious issues in Petitioner's 2018 direct appeal, *see* Dkt. No. 1 at 10-11; Dkt. No. 16-1 at 275; Dkt. No. 1-1 at 1-31; Dkt. No. 42 at 33-38, the Court agrees with Magistrate Judge Baxter's recommendation that the claim be denied and dismissed.  After correctly applying the appropriate legal standard regarding Petitioner's ineffective assistance of appellate counsel claim in the matter of the first incident of potential jury contamination, the Court finds that the appellate counsel's failure to raise such a claim was not constitutionally inadequate and that Petitioner's fourth ground for habeas relief is meritless. *See Strickland*, 466 U.S. at 687.  Thus, the portion of

the Order and Report-Recommendation containing the recommendation to deny and dismiss Petitioner's fourth claim for habeas relief, *see* Dkt. No. 42 at 38, is adopted on this alternative ground.  And because the Court does not discern any clear error in the remainder of Magistrate Judge Baxter's analysis regarding Petitioner's ineffective assistance of appellate counsel claim, the Court otherwise accepts and adopts the portion of the Order and Report-Recommendation addressing Petitioner's fourth ground for habeas relief.  *See* Dkt. No. 42 at 33-38.

### *1. First incident of potential jury contamination*

This first incident involved an outburst by courtroom spectators who were apparently affiliated with the deceased victim, while video of the victim's stabbing was shown in court.  *See* Dkt. No. 42 at 36-37; Dkt. No. 16-4 at 81-94.  This outburst led the trial judge to order the removal of those spectators as well as Petitioner in the presence of the jury, and sheriff's deputies removed Petitioner from the courtroom through a side door usually used for the transport of inmates.  *See* Dkt. No. 16-4 at 81-83.

As a threshold matter, it is apparent from the record that trial counsel did preserve for appeal, by a contemporaneous objection, a claim regarding this first incident.  *See Gutierrez v. Smith*, 702 F.3d 103, 110 (2d Cir. 2012) ("New York's contemporaneous objection rule requires a party to object to what he or she believes is a legal error in a trial court's ruling or instruction 'at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same'") (quoting CPL § 470.05(2)).  Trial counsel moved for a mistrial at the first opportunity after this incident occurred, *see* Dkt. No. 16-4 at 84-90, arguing that the jury was contaminated not only by the "cries of anguish" from the spectators, *see id.* at 85, but also by the sight of sheriff's deputies removing Petitioner from the courtroom through a side door, making it clear that he was in custody.  *Id.* at 86.  Trial counsel also asserted before and after the

trial court denied the motion for mistrial that no jury instruction would be sufficient to address the incident, *see id.* at 85, 90, and trial counsel again raised the issue of jury contamination in Petitioner's motion to set aside the verdict pursuant to CPL § 330.30. *See* Dkt. No. 16-1 at 160-61, 164-66.

With respect to the spectator outburst itself, the trial judge: (1) instructed the jury that the outburst "was not relevant to this proceeding at all," Dkt. No. 16-4 at 92; (2) instructed the jury that the outburst "should not in any way—in any way be taken as a negative reflection" on Petitioner, defense counsel, or the prosecutor, *id.*; (3) explained to the jury that the outburst required him to remove individuals from the courtroom and that those individuals will not return "at least for today," *id.*; (4) stated to the jury that he needed the assurance from each of them, if they are able to give it, that they can set aside the outburst, determine the case on the evidence or lack of evidence, and not hold the outburst against Petitioner in any way, to which each of the twelve jurors and two alternate jurors individually responded with a "[y]es" when their name was called, *id.* at 92-94; (5) instructed the jury that this case is not about emotion or sympathy but about the evidence, *id.* at 94; and (6) asked the jury if they can promise that Petitioner "will still be given a fair trial," to which the jury collectively responded with a "[y]es," with no juror verbally responding when asked: "Is there anyone who could not?" *Id.*

The trial court's response to the spectator outburst is within the range of interventions that a New York State court may utilize based on the circumstances of a particular incident.

> Whether the trial court should intervene [in spectator conduct], and what intervention is appropriate, must depend upon the facts and circumstances of each particular case. … If the trial court decides to act, appropriate intervention may include such actions as a curative instruction to the jury, ordering the spectators to remove the display, removal of the offending spectators from the courtroom, or questioning of the jurors to determine whether they were influenced

11

> by the spectator conduct. If the trial court determines, in its
> discretion, that the spectator conduct was so prejudicial that no
> other form of curative action can ensure the defendant's right to a
> fair trial, then a mistrial will be warranted.

*People v. Nelson*, 27 N.Y.3d 361, 369-370 (2016) (reviewing trial court's failure to act in response to spectators who wore shirts depicting the deceased victim). Moreover, as noted by Respondent, *see* Dkt. No. 12 at 69-70, the trial court's response to this incident is consistent with *People v. Cruz*, 160 A.D.2d 893, 893-894 (2d Dep't 1990), which held that a trial court did not err in declining to declare a mistrial after an outburst by a spectator who was apparently the deceased victim's grandmother.

> The [trial] court, with counsel for all parties present, immediately
> examined each juror and alternate individually and determined that
> of the few who had heard the substance of the spectator's
> comments, none had been prejudiced thereby. Additionally, even
> though the entire panel had heard a commotion, all of the members
> of the panel indicated their continued ability to remain impartial.

*Cruz*, 160 A.D.2d at 894 (citing *People v. Pollard*, 150 A.D.2d 397, 398 (2d Dep't 1989); *People v. Pantoliano*, 127 A.D.2d 857 (2d Dep't 1987); *People v. Sims*, 110 A.D.2d 214, 225 (2d Dep't 1985); *People v. Goldfeld*, 60 A.D.2d 1 (4th Dep't 1977)).

With respect to sheriff's deputies' removal of Petitioner from the courtroom through a side door usually used for the transport of inmates, the trial judge, in addition to providing his explanation to the jury that the outburst required him to remove individuals from the courtroom and that those individuals will not return "at least for today," Dkt. No. 16-4 at 92, also stated outside the presence of the jury that the sheriff's deputies had removed Petitioner from the courtroom while in the presence of the jury, for "cautionary reasons" to protect Petitioner. *Id.* at 83. The trial judge, while acknowledging that Petitioner "was taken out of the side door of this courtroom which is usually used for the transport of inmates," stated that Petitioner "was not

12

placed in handcuffs and there was no reason in this Court's opinion for this jury to conclude that [Petitioner] is currently in custody." *Id.* at 83-84. The trial court handled Petitioner's removal from the courtroom through the side door in a manner consistent with New York State case law, in which "it is well settled that a juror's brief and inadvertent viewing of a defendant in restraints does not by itself constitute reversible error." *People v. Fioravantes*, 229 A.D.2d 784, 786 (3d Dep't 1996) (citing *People v. Harper*, 47 N.Y.2d 857, 858 (1979)) (other citations omitted); *see also People v. Brunson*, 68 A.D.3d 1551, 1556 (3d Dep't 2009) (finding the trial court's response was "measured and appropriate" when some jurors saw a defendant in restraints as he was transported out of the courtroom and the court received assurances that each juror's verdict would be based solely on the evidence).

As the record does not support the notion that the trial court abused its discretion in denying trial counsel's motion for a mistrial due to this first incident of potential jury contamination, the Court finds that Petitioner has not shown that appellate counsel's failure to raise this jury contamination claim on appeal ignored a "significant and obvious issue" that would make appellate counsel's performance "constitutionally inadequate." *Clark*, 214 F.3d at 322 (citing *Mayo*, 13 F.3d at 533). Thus, the Appellate Division, in denying Petitioner's *coram nobis* motion, did not make a determination that was contrary to *Strickland*.

Accordingly, the Court adopts Magistrate Judge Baxter's recommendation on the first incident of possible jury contamination on the grounds stated herein.

### 2. Second and third incidents of potential jury contamination

Magistrate Judge Baxter correctly concluded that appellate counsel had no basis to raise a jury contamination claim regarding either of these two incidents. *See* Dkt. No. 42 at 37-38. Trial counsel did not preserve for appeal by contemporaneous objection any claim that the jury was

13

contaminated by either the second or the third incident. *See* Dkt. No. 16-5 at 8-9, 18-19, 79-80. Additionally, contrary to Petitioner's assertion in his *coram nobis* application that "[a]ll errors were objected to, they raised in the CPL§330.30 motion … Therefore, properly preserved for appellate review [sic]," Dkt. No. 16-1 at 281, Petitioner's CPL § 330.30 motion addressed only the first incident, not the second or the third. *See id.* at 158-69. Accordingly, such claims are waived. *See People v. Kelly*, 5 N.Y.3d 116, 119-20 (2005) (holding that such preservation of an error "is essential to the exercise of [its] jurisdiction," except for "a very narrow category of cases" involving "so-called 'mode of proceedings' errors that go to the essential validity of the process and are so fundamental that the entire trial is irreparably tainted") (quoting *People v. Agramonte*, 87 N.Y.2d 765, 770 (1996)); *People v. Hanley*, 20 N.Y.3d 601, 605 (2013) ("most 'errors of constitutional dimension'" must be preserved for appellate review) (quoting *People v. Alvarez*, 20 N.Y.3d 75, 81 (2012)); *see generally* CPL § 470.05(2).

The Court concludes that Petitioner has not shown either that any unpreserved claim that the jury was contaminated by either the second or the third incident was a "significant and obvious" issue or that the issues appellate counsel did raise were "clearly and significantly weaker" than an unpreserved jury contamination claim, *Clark*, 214 F.3d at 322 (citing *Mayo*, 13 F.3d at 533); *c.f. Nelson*, 27 N.Y.3d at 366-68 (holding that, because defense counsel, upon learning that spectators had worn shirts depicting the deceased victim, did not move for a mistrial or make argument that the court erred, that issue was unpreserved for appellate review).

Appellate counsel was not ineffective for failing to raise an unpreserved claim that the jury was contaminated by either the second or the third incident. *See Carroll v. David*, No. 9:04-CV-307, 2009 WL 666395, *11 (N.D.N.Y. Mar. 11, 2009) (citing *Clarke v. Goord*, No. 07-CV-366, 2007 WL 2324965, *6 (E.D.N.Y. Aug. 10, 2007) ("[P]etitioner failed to preserve the claim

14

in violation of New York's contemporaneous objection rule. N.Y.C.P.L. § 470.05(2). It cannot be unreasonable for appellate counsel not to raise an unpreserved issue on appeal")) (additional citations omitted).

### 3. Trial counsel allegedly shifting the burden of proof and failing to provide evidence

Magistrate Judge Baxter correctly concluded that appellate counsel's failure to raise a meritless claim that trial counsel inappropriately shifted the burden of proof by promising to show the jury video evidence that someone other than Petitioner stabbed the victim, and that trial counsel broke that promise was not unreasonable and that Petitioner has not shown that the issues appellate counsel did raise were "clearly and significantly weaker." *Clark*, 214 F.3d at 322 (citing *Mayo*, 13 F.3d at 533); *see* Dkt. No. 42 at 34-35. The Appellate Division's denial of Petitioner's *coram nobis* motion in the matter of trial counsel allegedly shifting the burden of proof and failing to provide evidence was appropriate under the *Strickland* standard.

### 4. Cumulative effect of trial counsel's alleged errors (e.g., failing to prepare/investigate)

Magistrate Judge Baxter correctly concluded that appellate counsel did not act unreasonably in failing to raise the claim that trial counsel did not properly investigate a purported second attack, *see* Dkt. No. 42 at 35-36, as such a failure to investigate, which was a matter outside the record, would not have been an appropriate subject for Petitioner's direct appeal. *See People v. Taylor*, 208 A.D.3d 1188, 1188 (2d Dep't 2022) ("Since the defendant's claim of ineffective assistance of counsel cannot be fully resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal") (citing *People v. Freeman*, 93 A.D.3d 805, 806 (2d Dep't 2012); *People v. Maxwell*, 89 A.D.3d 1108, 1109 (2d Dep't 2011)). Furthermore, Petitioner has failed to meet his "'burden of providing the court sufficiently precise

15

information, that is, a comprehensive showing as to what the investigation would have produced.'" *Wood v. Artus*, No. 15-CV-4602, 2020 WL 3256848, *9 (E.D.N.Y. June 15, 2020) (quoting *Halo v. United States*, No. 06-CV-5041, 2007 WL 1299158, *13 (E.D.N.Y. Apr. 30, 2007)).

Although the Order and Report-Recommendation does not expressly address all remaining alleged trial counsel errors that Petitioner raised in his *coram nobis* application, including that trial counsel failed "to prepare for this trial," "to interview" certain witnesses, and "to request any identification reconstruction expert," Dkt. No. 16-1 at 283, Magistrate Judge Baxter correctly notes that Petitioner's only record-based argument supporting his claim about "the cumulative effect" of trial counsel's alleged errors is Petitioner's assertion that trial counsel "failed to utilize the prosecution witness to narrate events of the second attack," *id.*, an assertion that is contradicted by the trial transcript. *See* Dkt. No. 16-4 at 117-24. Accordingly, Petitioner has not shown that the issues appellate counsel did raise, including extensive arguments asserting trial counsel's alleged ineffectiveness were "clearly and significantly weaker" than the alleged trial counsel errors that Petitioner raised in his *coram nobis* application. *See Clark*, 214 F.3d at 322 (citing *Mayo*, 13 F.3d at 533). The Appellate Division, in denying Petitioner's *coram nobis* motion, did not make a determination that was contrary to *Strickland* in the matter of the cumulative effect of trial counsel's alleged errors.

## H.     Certificate of Appealability

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a

State court[.]"¹ 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

### IV. CONCLUSION

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation (Dkt. No. 42) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the petition for writ of habeas corpus (Dkt. No. 1) is **DENIED and DISMISSED;** and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that Petitioner's separate motion for a Certificate of Appealability (Dkt. No. 49) is **DENIED** for the reasons set forth herein; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: September 15, 2023
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge

---

¹ Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).